MEAGAN M. NUNEZ, Esq. (State Bar # 268722)
JENNIFER L. VARGA, Esq. (State Bar #292605)
TANIA PRADO, Esq. (State Bar #310168)
LAW OFFICE OF MEAGAN NUNEZ
3505 Camino Del Rio South, Suite 340
San Diego, CA 92108
Phone: (619) 757-3550
Fax: (619) 269-4991
meagan@sdspecialattorney.com
jennifer@sdspecialattorney.com
tania@sdspecialattorney.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C. By and Through his Guardian Ad Litem LINDA CLARK, ) | **Case No.:** '21CV0019 JLS  BGS |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR REVERSAL OF** |
| Vs., ) | **CALIFORNIA ADMINSTRATIVE** |
| ) | **HEARINGS ORDER UNDER THE** |
| SAN DIEGO UNIFIED SCHOOL ) | **INDIVIDUALS WITH** |
| DISTRICT, ) | **DISABILITIES EDUCATION ACT** |
| ) | **(20 U.S.C. § 1415)** |
| Defendant. ) | |

## INTRODUCTION

1. Plaintiff G.C. by and through his guardian ad litem Linda Clark, files this

    civil action against Defendant San Diego Unified School District ("District"),

    alleging that Defendant failed to meet its obligations to G.C. under the

    Individuals with Disabilities Education Improvement Act of 2004 ("IDEA").

Plaintiff contends that the California Office of Administrative Hearings Special Education Division ("OAH") was incorrect in an order dated December 24, 2020 denying Plaintiff's Motion for Stay Put (Plaintiff's Exhibit 1).  Plaintiff contends that OAH incorrectly determined that Plaintiff is not entitled to Stay Put placement pending the current dispute.

## JURISDICTION

2. This Court has jurisdiction over the claims in this action under 28 U.S.C. § 1331 in that it arises under the IDEA, as amended, 20 U.S.C. § 1400 et seq. Subsequently this action is within the original jurisdiction of the federal courts.  20 U.S.C. §1415(i)(3)(A); 28 U.S.C. §1331.

3. Plaintiff is located in San Diego County, which is within the jurisdiction of the Southern District of California.  Thus, venue in this court is proper under 20 U.S.C. § 1391(b).

4. This complaint is timely pursuant to Cal. Educ. Code § 56505(k), which states that an appeal of a decision by OAH must be filed within ninety days of the party's receipt of the order.  On December 24, 2020 Administrative Law Judge ("ALJ") Alexa Hohensee denied Plaintiff's Motion for Stay Put. Plaintiff's Exhibit 1 (OAH Case No. 2020120307: Order Denying Student's Motion for Stay Put).  The ALJ's decision was served to Plaintiff's counsel on December 24, 2020.

5. Jurisdiction is expressly vested in this Court pursuant to 20 U.S.C. § 1415(i)(3)(B) and 28 U.S.C. § 1331.3.  There is a present and actual controversy between the parties to this action.  To the extent required by law, Plaintiff has exhausted his administrative remedies as to the issues in this litigation.

## **PARTIES**

6. Plaintiff G.C. ("Plaintiff" or "Student") is a citizen of the United States who lives within the boundaries of the San Diego Unified School District.  The full name of G.C. is known to the Defendant and is disclosed in the Petition for Guardian Ad Litem filed concurrently with this complaint.

7. Plaintiff LINDA CLARK ("Plaintiff" or "Parent") is the mother of Student.  Parent is a citizen of the United States who resides in San Diego County within the boundaries of the San Diego Unified School District.

8. Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT ("Defendant") is a public school district located in San Diego County and organized under the appropriate laws of the State of California.  Defendant is the Local Education Agency ("LEA") responsible for providing Student with Free Appropriate Public Education ("FAPE") under the IDEA and the California Education Code.

## **FACTUAL AND PROCEDURAL BACKGROUND**

9.  Plaintiff is a twenty-one-year-old young man who has been diagnosed with 22 q 11.2 deletion ("DiGeorge Syndrome") which is associated with intellectual disability, heart abnormalities, cyclical vomiting, microcephaly, ventricular defect, gastrostomy and recurrent infections.  As a result, Plaintiff receives liquids via a g-tube.  Plaintiff also has autism, seizure disorder and cerebral palsy.  Plaintiff is nonverbal and usually expresses his frustrations or dislikes through his facial expressions, signing, or refusal.

10. Plaintiff's most recent Individual Education Program ("IEP") is dated January 15, 2020.  Pursuant to this IEP Plaintiff received (in relevant part) Health Nursing Services from a one-to-one Licensed Vocational Nurse ("LVN") for eight hours per day every school day because "[h]e is prompt dependent and has significant medical needs" that "require a licensed vocational nurse to assistance him while in the school environment."  The LVN is required to provide continual assessments, medication administration, emergency care, oxygen when needed, g-tube feedings, ventings, injections, and to monitor for potential gastrointestinal complications and safety.  Plaintiff's Parent consented to the January 15, 2020 IEP.

11. In March 2020 the District closed for in-person learning due to the COVID - 19 pandemic.  Since that time Plaintiff has not been provided with any Health Nursing Services through a one-to-one LVN.

12. Plaintiff cannot attend to virtual learning without someone sitting beside him constantly.  Whenever Parent attempts to assist Plaintiff in a Zoom learning session with Plaintiff's teacher, Plaintiff refuses to attend to the screen. Consequently, Plaintiff is unable to participate in or access his education.  As a result, Plaintiff is regressing educationally and behaviorally.

13. Plaintiff is at high risk for developing serious complications if he contracts COVID.  Consequently, Plaintiff cannot return to on-site learning until he has been cleared by his doctor.

14. On December 8, 2020 Plaintiff filed his Request for Due Process.

15. On December 18, 2020 Plaintiff filed his Motion for Stay Put.

16. OAH denied Plaintiff's Motion for Stay Put on December 24, 2020.

### CLAIMS FOR RELIEF - COUNT ONE

17. U.S.C. § 1415(j)(2) provides: "Except as provided in subsection (k)(4) [concerning student disciplinary proceedings], during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . ."  34 C.F.R. §

300.518(a) provides: "(a) Except as provided in . . . [the regulation concerning student disciplinary proceedings], during the pendency of any administrative or judicial proceeding regarding . . . [a request for a due process hearing], unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement."

18. Cal. Ed. Code § 56505, subdivision (d), provides: ". . . [D]uring the pendency of the hearing proceedings, including the actual state-level hearing, or judicial proceeding regarding a due process hearing, the pupil shall remain in his or her present placement, except as provided in . . . [the federal regulation concerning student disciplinary proceedings], unless the public agency and the parent or guardian agree otherwise. . ."  The provisions of 20 U.S.C. § 1415(j) and Cal. Ed. Code § 56505(d), are referred to as "stay put."  The purpose of stay put is to maintain the status quo of the student's educational program pending resolution of the due process hearing.  *Stacey G. v. Pasadena Independent School Dist.*, 695 F.2d 949, 953 (5th Cir. 1983); *In re John K.*, 170 Cal.App.3d 783, 791 (1985).  For purposes of stay put, a student's current educational placement is typically the placement described in the child's most recently implemented IEP.  *Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1180 (9th Cir. 2002); *Thomas v. Cincinnati*

**6**

*Bd. of Educ.*, 918 F.2d 618, 625 (6th Cir. 1990).  If it is not possible for the new district to implement the last agreed-upon IEP, the district must approximate the student's old IEP as closely as possible.  *Ms. S. ex rel. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1134 (9th Cir. 2003).

19. On April 9, 2020 the California Department of Education ("CDE") issued guidance stating that during the COVID-19 pandemic "LEAs may need to provide certain supports and services to individual students in-person in order to maintain students' mental/physical health and safety for the purpose of supporting the student in accessing the alternative options for learning being offered."  *Providing In-Person Specialized Supports and Services to Students with Disabilities*

https://www.cde.ca.gov/ls/he/hn/specialedcovid19guidance.asp (last visited January 5, 2021).  The CDE explained that these service providers would be categorized as "Essential Critical Infrastructure Workers."  *Ibid.*  If an individualized determination indicates a student would require in-person supports to maintain their health and safety and support their access to their education, then a district may provide in-person services.  *Ibid.*

20. On April 24, 2020 U.S. Secretary of Education Betsy Devos declined to recommend that Congress pass any additional waivers regarding the provision of a FAPE during COVID.  *Secretary DeVos Reiterates Learning*

G.C. v. SAN DIEGO UNIFIED SCHOOL DISTRICT
COMPLAINT FOR REVERSAL OF ORDER

*Must Continue for All Students, Declines to Seek Congressional Waivers to FAPE, LRE Requirements of IDEA* https://sites.ed.gov/idea/secretary-devos-declines-to-seek-congressional-fape-lre-waivers-to-idea-requirements (last visited January 5, 2021).  The U.S. Department of Education emphasized that "there is no reason that a student's access to FAPE cannot continue online, through distance education or other alternative strategies."  *Ibid.*

21. At the time Plaintiff filed his Due Process Request, Student's last-agreed upon and implemented placement included Health Nursing Services from a one-to-one LVN for eight hours per day.

22. Plaintiff qualifies for an exemption under the CDE's April 9, 2020 guidance to allow District to provide Plaintiff's stay put as closely as possible to the services provided in Plaintiff's January 15, 2020 IEP.  The stay put placement which most closely resembles the services in Plaintiff's January 15, 2020 IEP is in-person services in Plaintiff's home.

23. Plaintiff is entitled to implementation of his last agreed-upon and implemented IEP during the pendency of the current dispute and seeks injunctive relief requiring the District to immediately implement his "stay put" placement by providing Plaintiff with in-home Health Nursing Services from a one-to-one LVN for eight hours per day for the duration of the dispute.

**8**

24. The Order Denying Student's Motion for Stay Put improperly concluded that Plaintiff was not entitled to Stay Put. This conclusion is unsupported by the IDEA, its regulations and controlling case law. The failure is without proper justification and constitutes an abuse of discretion on the part of the ALJ.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a preliminary injunction requiring Defendant to immediately implement Plaintiff's last agreed-upon and implemented IEP by providing Plaintiff with in-home Health Nursing Services from a one-to-one LVN for eight hours per day for the duration of the dispute;

2. Reverse OAH's Orders denying Plaintiff Stay Put;

3. Award Plaintiff his attorney's fees and costs; and

4. Award such other relief as the Court may deem appropriate.

Dated: January 6, 2021

Respectfully Submitted by:           LAW OFFICE OF MEAGAN NUÑEZ

                                     By: S/Meagan Nuñez
                                     Meagan M. Nuñez

                                     Attorney for Plaintiff
                                     E-mail: meagan@sdspecialattorney.com

**9**

By: S/Jennifer Varga
Jennifer L. Varga

Attorney for Plaintiff
E-mail: jennifer@sdspecialattorney.com


By: S/Tania Prado
Tania Prado

Attorney for Plaintiff
E-mail: tania@sdspecialattorney.com

G.C. v. SAN DIEGO UNIFIED SCHOOL DISTRICT
COMPLAINT FOR REVERSAL OF ORDER