UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C., an individual,<br><br>       Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>       Defendant. | Case No.: 3:21-cv-00019-L-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION TO APPOINT A GUARDIAN AD LITEM [DOC. NO. 2]** |

  Pending before the Court is Plaintiff's petition to appoint a guardian ad litem. For the reasons stated below, the petition is **DENIED**.

  On January 6, 2021, Plaintiff filed this action related to his enrollment in the San Diego Unified School District. (*See* Doc. No. 1, Complaint). A petition was filed to appoint Plaintiff's mother as his guardian ad litem. (*See* Doc. No. 2, Petition). Plaintiff is an adult. (*Id*. at ¶ 1). There were no affidavits filed in support of the Petition. *Id*.

  Courts have a special duty to safeguard the interests of litigants who are incompetent. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Federal Rule of Civil Procedure 17(c) requires a court to appoint a guardian ad litem or take "whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.64 Acres*

1  *of Land,* 795 F.2d 796, 805 (9th Cir. 1986); Fed. R. Civ. P. 17(c) (a court "must appoint a guardian ad litem—or issue another appropriate order—to protect [an] incompetent person who is unrepresented in the action.")

The appointment of a guardian ad litem is more than a mere formality. *30.64 Acres of Land*, 795 F.2d at 805. The litigant loses control over their lawsuit. *Id.*; *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) ("the appointment of a guardian ad litem deprives the litigant of the right to control the litigation and subjects [them] to possible stigmatization."); *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186-87 (2001).

The law of an individual's domicile determines their capacity to participate in a case. Fed. R. Civ. P. 17(b). In California, the test for incompetence "is whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case." *In re Jessica G.*, 93 Cal. App. 4th at 1186; Cal. Civ. P. Code § 372 ("when . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear . . . [via] a guardian ad litem."); *Golden Gate Way, LLC v. Stewart*, 2012 U.S. Dist. LEXIS 140780, at *11-12 (N.D. Cal. 2012).

Here, Plaintiff is an adult. (Petition at ¶ 1). He is diagnosed with DiGeorge Syndrome, autism, seizure disorder, and cerebral palsy. *Id*. Those diagnoses themselves do not necessarily show Plaintiff lacks the capacity to understand the nature of the lawsuit or is unable to assist his counsel. The symptoms of a disorder (and their severity) vary. There must be a nexus between Plaintiff's medical diagnoses and his ability (or lack thereof) to adequately pursue his claims. *See, e.g., McElroy v. Cox*, 2009 U.S. Dist. LEXIS 122179, at *3 (E.D. Cal. Dec. 11, 2009) (a petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting diagnosis of a mental disability, the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims). Although the Petition states Plaintiff is nonverbal, there is no indication as to whether he can communication with his counsel in some other manner. (*See* Petition at ¶ 1).

1  Overall, there is insufficient evidence to show Plaintiff is incompetent. Therefore, the
2  petition is **DENIED WITHOUT PREJUDICE**.
3       Any subsequent petition should include declarations or affidavits related to
4  Plaintiff's lack of capacity to understand the nature or consequences of the lawsuit and
5  inability to assist his counsel in the preparation of the case. *See Allen v. Calderon*, 408
6  F.3d 1150, 1152 (9th Cir. 2005) (a court may consider sworn declarations and medical
7  records when determining whether an individual is incompetent); *see S.W. v. Turlock
8  Unified Sch. Dist.*, 2020 U.S. Dist. LEXIS 32279, at *4 (E.D. Cal. 2020) (court noting it
9  was unable to make a determination as to the competency of a party without evidence
10 about their medical diagnosis and how it impacted their ability to litigate the case).  The
11 petition should also provide evidence as to whether Plaintiff consents to the appointment.
12 *See Golden Gate Way, LLC*, 2012 U.S. Dist. LEXIS 140780 at *13.
13 **IT IS SO ORDERED.**
14 Dated:  February 17, 2021

                                          Hon. M. James Lorenz
                                          United States District Judge