UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C., an individual,<br><br>              Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>              Defendant. | Case No.: 3:21-cv-00019-L-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS [DOC. NO. 6]** |

Pending before the Court is Plaintiff's motion to dismiss. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

On January 6, 2021, Plaintiff filed a petition under Federal Rule of Civil Procedure 17 ("FRCP 17") to appoint a guardian ad litem. (Doc. No. 2). The Court denied the petition without prejudice. (Doc. No. 7); *see, e.g., McElroy v. Cox*, 2009 U.S. Dist. LEXIS 122179, at *3 (E.D. Cal. Dec. 11, 2009) (a petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting diagnosis of a mental disability, the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims); *S.W. v. Turlock Unified Sch. Dist.*, 2020 U.S. Dist. LEXIS 32279, at *4 (E.D. Cal. 2020) (court noting it was unable to make a determination as to the competency of a party

1  without evidence about their medical diagnosis and how it impacted their ability to
2  litigate the case).
3        Prior to the Court's ruling on the petition, Plaintiff filed a motion to dismiss the
4  case with prejudice.  (Doc. No. 6).  The parties purportedly entered into a settlement
5  agreement.  *Id*.
6        The Court must resolve the FRCP 17 issue prior to dismissing the case with
7  prejudice.  *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)
8  ("a question clearly existed whether [the party] was competent and could adequately
9  protect himself . . . the court was clearly on notice that [the party] claimed to be
10 incompetent and his claim was made credible by official documentation. Despite this, the
11 court apparently failed to make any inquiry into the issue and took no steps to insure that
12 [the party's] interests were adequately protected. This is not an abuse of discretion but a
13 failure to exercise legally required discretion.")
14       If the Court determines Plaintiff is incompetent under FRCP 17, then the parties
15 would need to comply with Civil Local Rule 17.1(a) ("no action by or on behalf of a
16 minor or incompetent, or in which a minor or incompetent has an interest, will be settled,
17 compromised, voluntarily discontinued, dismissed or terminated without court order or
18 judgment.  All settlements and compromises must be reviewed by a magistrate judge
19 before any order of approval will issue."); *see also Dacanay v. Mendoza*, 573 F.2d 1075,
20 1079-1080 (9th Cir. 1978) ("It is the court's order approving the settlement that vests the
21 guardian ad litem with the legal power to enforce the agreement . . . Without concurring
22 court approval, a guardian ad litem lacks contractual capacity to settle litigation.")
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

The Court therefore **DENIES** the motion to dismiss **WITHOUT PREJUDICE**. Plaintiff must either file a new petition to appoint a guardian ad litem (supported with additional evidence) or provide the Court with evidence to show Plaintiff is competent. Plaintiff has until **March 30, 2021** to comply with this Order.

**IT IS SO ORDERED.**

Dated: March 15, 2021

_____
Hon. M. James Lorenz
United States District Judge