UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.C., *By and Through his Guardian Ad Litem Linda Clark*<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 21-cv-00019-L-BGS<br><br>**REPORT & RECOMMENDATION FOR ORDER GRANTING INCOMPETENT COMPROMISE PETITION** |

Before the Court is a Motion for Approval of an Incompetent Person's Compromise filed by Plaintiff Linda Clark, as guardian ad litem for Plaintiff G.C., an incompetent individual. (ECF No. 14.) Having considered Plaintiff Clark's unopposed motion, and for the reasons set forth below, the Court GRANTS the motion.

## I. BACKGROUND

This case arises under the Individuals with Disabilities and Education Act ("IDEA"), which "ensure[s] that all children with disabilities have available to them a free and appropriate public education [("FAPE")] that emphasizes special education and related services[.]" (ECF No. 14 at 3.)

On December 8, 2020, Plaintiff filed a complaint with the Office of Administrative Hearings ("OAH") seeking to implement G.C.'s Individualized Education Plan ("IEP") for

the duration of distance learning and compensatory education due to the Defendant's failure to provide Plaintiff with FAPE during the 2019–20 and 2020–21 school years. (*Id.*) On December 18, 2020, Plaintiff filed a Motion for Stay Put with the OAH seeking to keep G.C.'s Health Nursing Services from a one-to-one Licensed Vocational Nurse ("LVN") for eight hours per school day for the duration of the parties' dispute, which was denied on December 24, 2020. (*Id.*)  However, after transportation hours had been removed due to distance learning, the number of nursing hours Plaintiff sought was 6–6.5 hours per school day, which would cost approximately $60,000.00–$69,615.00 in total. (*Id.* at 5.)  On December 24, 2020, the OAH denied Plaintiff's Motion for Stay Put. (*Id.* at 3.)

On January 6, 2021, Plaintiff filed a Complaint for Reversal of the OAH's decision and a Petition for Guardian Ad Litem with this Court. (ECF Nos. 1, 2.)  Before Plaintiff could serve Defendant or file a Motion for Preliminary Injunction seeking Stay Put, the parties entered into a settlement agreement on February 10, 2021. (ECF No. 14 at 3.) Plaintiff then filed a Motion to Dismiss on February 16, 2021. (*Id.*) On February 18, 2021, the Court denied Plaintiff's Petition for Guardian Ad Litem without prejudice and requested additional evidence of Plaintiff's legal incapacity. (ECF No. 7.) On March 15, 2021, the Court denied Plaintiff's motion to dismiss since the court had not yet granted Plaintiff's Petition for Guardian Ad Litem. (ECF No. 8.)

On March 30, 2021, Plaintiff filed an Amended Petition for Guardian Ad Litem, which was granted on April 2, 2021. (ECF Nos. 9, 10.) On April 21, 2021, Plaintiff filed an Amended Motion to Dismiss. (ECF No. 12.) On June 16, 2021, after considering Plaintiff's Amended Motion to Dismiss and the attached Settlement Agreement, the Court found that it was unable to approve the settlement without further information. (ECF No. 13.) The Court then ordered the parties to file a joint motion for approval of the compromise of an incompetent person's claim that shows the settlement was fair and reasonable in light of the facts of the case, and in light of recoveries in similar cases. (*Id.* at 2.) On June 29, 2021, Plaintiff filed a Motion for Approval of Incompetent Person's Compromise, which is currently before the Court. (ECF No. 14.)

## II. LEGAL STANDARD

District courts have a special duty to protect the interests of litigants who are minors or incompetent. *See* Fed. R. Civ. P. 17(c) (requiring that a district court "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). In keeping with this duty, this District's Civil Local Rules provide that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." Civ. L.R. 17.1(a).

In the context of proposed settlements in cases with minor plaintiffs, the Ninth Circuit has instructed district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected."). Under *Robidoux*, a district court's settlement review is limited to whether the net amount distributed to the minor is fair and reasonable, considering the facts of the case, the minor's specific claim, and recovery in similar cases. 638 F.3d at 1181–82. *Robidoux* instructs that courts should not evaluate the fairness of the recovery by comparing the minor's proportion of the total settlement to the amounts designated for co-plaintiffs or counsel. *Id.* at 1182. The parties' proposed settlement should be approved "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases." *Id.* District courts have extended the *Robidoux* inquiry to cases involving the approval of an incompetent plaintiff's settlement. *E.g.*, *Banuelos v. City of San Bernardino*, Case No. EDCV 13-736-GW-DTB, 2018 WL 6131190 (C.D. Cal. Apr. 2018); *Mugglebee v. Allstate Ins. Co.*, Case No.: 14-CV-2474-JLS-JMA, 2018 WL 1410718 (S.D. Cal. Mar. 2018); *Smith v. City of Stockton*, 185 F. Supp. 3d 1242 (E.D. Cal. 2016).

///

## III. DISCUSSION

### A. Proposed Settlement

Based on a review of the petitions and applicable law, the Court finds that the terms of the settlement are fair and reasonable as to the incompetent Plaintiff. Plaintiff is seeking implementation of G.C.'s IEP and compensatory education due to the Defendant's failure to implement G.C.'s IEP during distance learning over the 2019–20 and 2020–21 school years, which denied G.C. of FAPE. (ECF No. 14 at 5.) Under the terms of the settlement, the Defendant would provide Plaintiff with a total of $108,500.00 to encompass any future FAPE obligations through June 30, 2021, which is when G.C. would age out of eligibility for special education and related services. (*Id.* at 6.) After attorney fees and costs, Plaintiff will receive $89,000.00 in exchange for dismissing her claims against Defendant with prejudice. (*See* ECF Nos. 12-2, 14 at 6.) This $89,000.00 will reimburse Plaintiff for compensatory education services, in areas such as academics, speech-language, occupational therapy ("OT"), physical therapy ("PT"), behavior and nursing. (ECF No. 14 at 6.) The settlement indicated that Plaintiff may use up to $63,000.00 of the amount received for compensatory education, which accounts for six hours per day of nursing services, which is the amount of time sought for nursing services by Plaintiff for the 2019–20 and 2020–21 school years. (*Id.*) This is well within the total estimated cost for 6–6.5 nursing hours per day for G.C. for the time period at issue. (ECF No. 14 at 5.) In addition, Plaintiff's attorney indicated that she will waive all other outstanding fees and costs. (*Id.*)

Defendant has not filed any objections to this Petition. In fact, despite not being served with the complaint/summons or not making an appearance in this matter, Defendant San Diego Unified School District informed Plaintiff that "it does not object to dismissal of the case as required by the settlement agreement, or for approval of incompetent person's compromise, if in fact legally required for dismissal in this circumstance." (*Id.* at 4.)

After considering the facts of this case and the incompetent Plaintiff's specific claims, the Court finds that the settlement is fair, reasonable and in the best interests of the incompetent Plaintiff. The Motion to Confirm Incompetent's Compromise is GRANTED.

### B. Attorney's Fees and Costs

Attorney's fees to be paid for representing a minor Plaintiff must also be approved by the Court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. "To determine whether a request for attorney's fees is reasonable, the court may consider, among other factors, the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent." *Favreau v. City of Escondido*, No. 10-CV-2348-GPC-WVG, 2013 WL 1701878, at *2 (S.D. Cal. Apr. 2013); *see also* Cal. Rule of Ct. 7.955(b).

IDEA provides that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is a prevailing party." *Parents of Student W. v. Puyallup Sch. Dist.*, No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994); *see also* 20 U.S.C. § 1415(i)(3)(B)*; Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006). A prevailing party for the purpose of awarding attorney's fees is a party which "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Such success results in a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792–93 (1989). "Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis," the plaintiff cannot claim fees as a prevailing party. *Id.* at 792.

Here, Plaintiff's counsel, the Law Office of Meagan M. Nunez, seeks $19,500.00 in attorney's fees. (ECF No. 14 at 6–7.) This represents approximately 18 percent of $108,500.00, which is the total amount of the settlement in this case. (*See* ECF No. 14 at 6–7.) Plaintiff's counsel indicated that she has a written retainer agreement with Plaintiff which includes the payment of attorney's fees. (*Id.* at 7.) Plaintiff's counsel stated that although she has "provided substantially more legal services than the settlement agreement provides payment for, the attorney for the Plaintiff and the Plaintiff agree to waive any

attorney's fees and costs in excess of the amount received pursuant to the proposed settlement agreement."[1]  (*Id.*)  Plaintiff's counsel indicated that these fees are consistent with Ninth Circuit standards for reimbursement of fees and costs to a prevailing parent. (*Id.*)

Counsel has provided a declaration from Attorney Meagan Nunez in support of their request.  (ECF No. 14-1.)  Plaintiff's counsel declared that "this settlement provides Parent with extraordinary results. It almost entirely reimburses Parent for 6 hours per day of G.C.'s anticipated immediate nursing costs, with approximately $20,000 remaining for G.C's academic, speech-language, occupational therapy ('OT'), physical therapy ('PT'), and behavior needs, as well as prevents further litigation." (*Id.* at 4.)  Further, guardian ad litem, Linda Clark, had reviewed the entire settlement agreement and accepted all of the provisions which included the amount of $19,500.00 in attorney's fees and litigation costs. (ECF No. 12-2.)

Plaintiff's counsel has been involved with substantive filings in this matter, with filing multiple motions before the OAH and the multiple filings in this case along with settlement discussions.  (*See* Docket; ECF No. 14 at 3–4; *see also* ECF Nos. 1, 2, 6, 9, 12, 14.)  This resulted in Plaintiff achieving the benefit that was sought when first bringing the suit, compensation for G.C.'s education and nursing services due to the Defendant's failure to provide Plaintiff with FAPE during the 2019–20 and 2020–21 school years.  The Ninth Circuit has emphasized that the incompetent's settlement should be approved "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, [. . .] regardless of the amount the parties agree to designate for [. . .] attorney's fees." *See Robidoux*, 638 F.3d at 1182.  As explained above, the incompetent Plaintiff's recovery is more than adequate.  Therefore, after considering the duration of this case and the amount

---

[1] Although attorney fees in this case approximately totals $33,885.00, Plaintiff's counsel declared that she agreed to only accept $19,500.00 and waive all other outstanding fees and costs.  (ECF No. 14-1 at 3–4.)

of work performed by Plaintiff's counsel, the Court finds that the amount of attorney's fees is fair and reasonable under the circumstances, and that the amount of attorney's fees do not suggest that the settlement was unfair.

## IV. CONCLUSION

After reviewing the Petition for Approval of Incompetent's Compromise of Claims (ECF No. 14), the Court finds that the proposed settlement of incompetent Plaintiffs' claims in the amount of $108,500.00 to be fair and reasonable. The Court approves the following distribution of settlement funds:

1. The amount of $89,000.00 (the balance of the settlement proceed) shall be paid to Plaintiff Linda Clark, as guardian ad litem for Plaintiff G.C., an incompetent individual;
2. The amount of $19,500.00 shall be paid to Plaintiff's counsel, Meagan M. Nunez, as attorney's fees.

Accordingly, for the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; and (2) **GRANTING** the Petition (ECF No. 14).

**IT IS ORDERED** that no later than **August 31, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 14, 2021**.

**IT IS SO ORDERED**.

Dated: August 17, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge